UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRIS LEATHERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:17CV480-PPS/MGG |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Chris Leathers, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 17-03-187) in which the Disciplinary Hearing Officer (DHO) found him guilty of possession of a controlled substance in violation of B-202. As a result, he was sanctioned with the loss of 60 days earned credit time and was demoted from Credit Class 2 to Credit Class 3. ECF 1 at 1. The petition challenges the discipline on the grounds that Leathers was not permitted to call the reporting officer as a witness and that the substance was not lab tested. *Id.* at 2. The Respondent responded to the petition and filed the administrative record. Leathers then filed a traverse in which he raises, for the first time, an argument challenging the sufficiency of the evidence used to find him guilty.

Leathers was charged with possession of "a brown sweet smelling substance in a solo cup and three pieces of paper towels soaked in what is believed to be coffee and a

sweet smelling substance." ECF 5-1 at 1. The reporting officer charged Leathers with possession of a controlled substance, though it was never specified what substance he was charged with possessing. Leathers maintains that the substance was tea, and the brown pieces of paper towel was trash that had been pulled from the trash can. ECF 12 at 1.

Leathers' newly added argument was not properly presented because it was not identified as a ground for relief in his petition. *See* Section 2254 Habeas Corpus Rule 2(C)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); *Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009). Nevertheless, Leathers' claim must be addressed because he has made a viable challenge to the sufficiency of the evidence. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("Among other things, the minimum requirements of procedural due process demand that the findings of a prison disciplinary board have the support of some evidence in the record") (internal quotations and citations omitted). Thus, in the interest of justice, Leathers will be deemed to have constructively amended his petition to add a claim regarding the sufficiency of the evidence. Respondent will have the opportunity - and obligation - to address through additional briefing the narrow question of whether the DHO had sufficient evidence to find Leathers guilty.

ACCORDINGLY:

The Respondent is **GRANTED** until **November 10, 2017** to respond to Leathers' claim regarding the sufficiency of the evidence. Chris Leathers is **GRANTED** until **December 1, 2017** to file a reply brief.

SO ORDERED.

ENTERED:   October 26th, 2017        /s/ Philip P. Simon
                                     Judge
                                     United States District Court