UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRIS LEATHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:17CV480-PPS |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

# OPINION AND ORDER

Chris Leathers, a prisoner in the Miami Correctional Facility within the Indiana Department of Correction, brings a habeas corpus petition under 28 U.S.C. §2254 challenging the prison discipline hearing in which Leathers was found guilty of possession of a controlled substance in violation of Disciplinary Rule B-202. As a result, Leathers was sanctioned with the loss of 60 days earned credit time and demoted from Credit Class 2 to Class 3. [DE 1 at 1.]

Leathers' habeas petition challenges the disciplinary proceeding on three grounds: (1) the Disciplinary Hearing Board (DHB) failed to let him call the reporting officer as a witness; (2) the DHB violated his due process by refusing to send the substance to a lab; and (3) the DHB officer was biased because he was the supervisor of the reporting officer. [DE 1 at 2-3.] After the Respondent filed its return to order to show cause and the administrative record, Leathers filed two traverses, raising for the

first time an argument challenging the sufficiency of the evidence. [DE 10,12.] In an order dated October 26, 2017, this Court noted that Leathers' new argument was not properly presented because it was not identified as a ground for relief in his petition. [DE 13.] *See* Section 2254 Habeas Corpus Rule 2(c)(1) ("the petition must: (1) specify all grounds for relief available to the petitioner"); *Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009). Nevertheless, I found that Leathers' claim must be addressed because he made a viable challenge to the sufficiency of the evidence. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir 2000). Consequently, Leathers was deemed to have constructively amended his petition to add the claim of sufficiency of the evidence. [DE 13 at 2.] Additionally, the Respondent was ordered to file an additional brief on the narrow question of whether the DHB had sufficient evidence to find Leathers guilty. *Id.*

Leathers was charged with possession of "a brown sweet smelling substance in a solo cup and three pieces of paper towels soaked in what is believed to be coffee and a sweet smelling substance." [DE 5-1.] The DHB found him guilty of a "look alike" substance. [DE 5-4.] Leathers claims the substance was just broken tea bags. [DE 5-5.] In its supplemental brief, the Respondent argues that the DHB's determination was not arbitrary because the cup was not found in the trash can, and the substance was covered by paper towels soaked in coffee, which is a common tactic to mask the odor of controlled substances. [DE 14 at 3.]

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262

F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb*, 224 F.3d at 652.

With these legal standards in mind, I will address each of Leathers' arguments in turn. First, he contends that he was denied a witness statement from the reporting officer. [DE 1 at 2.] However, the Screening Report reflects that Leathers only asked that Jason Roudebush be called as a witness. [DE 5-2.] Roudebush did make a written statement in lieu of appearing at the hearing stating that the item in the cup was tea, not a controlled substance. [DE 5-3.] Because there is no evidence that Leathers actually requested that the reporting officer be called as a witness at the hearing, no due process error occurred.

Second, Leathers argues the DHB violated due process by failing to send the substance to a lab to be tested. [DE 1 at 2.] However, it is well settled that due process does not require that the prison comply with his request for testing of the substance. *See, e.g., Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) (prisoner was "not entitled to demand laboratory testing"); *Rhatigan v. Ward*, 187 F. App'x 889, 890-91 (10th Cir.

2006); *Arthur v. Ayers*, 43 F. App'x 56, 57 (9th Cir. 2002); *Doss v. Brown*, No. 2:13-CV-00176-JMS-WGH, 2014 WL 1571223, at *2 (S.D. Ind. April 17, 2014); *Tidwell v. Buss*, No. 3:07-CV-254 WL, 2007 WL 2176744, at *1 (N.D. Ind. May 24, 2007). As this court's Judge Lee noted: "Though *Wolff v. McDonnell*…permits inmates the right to present evidence, testing is not presenting evidence – it is creating it." *Id*. Due process was not violated by the prison's failure to have the substance tested as Leathers requested.

Leathers also contends that the DHB officer must have been biased because he was the supervisor of the reporting officer. [DE 1 at 3.] In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. at 667. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*. Here, at most it could be said the DHB officer had only a limited involvement by supervising the reporting officer. He was not substantially involved in the underlying event of confiscating the substance from Leathers' cell, therefore there was no due process violation.

Finally, Leathers argues in his traverses that there is insufficient evidence to find him guilty of possession of a controlled substance in violation of Rule B-202. The version of Rule 202 of the Disciplinary Code for Adult Offenders in effect at the time of

this case prohibited "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia."[1] [DE 14 at 2.] Indiana law prohibits possession not only of synthetic drugs like K2, but also synthetic "lookalike" substances. Section 35-31.5-2-321.5(a) and (c) of the Indiana Code define "synthetic drug lookalike substance" as a substance that is not a synthetic drug but would lead a reasonable person to believe it is a synthetic drug based on a number of factors, including its overall appearance (including its shape, size, color, consistency and any other identifying physical characteristics), and how it is packaged. Tobacco, for example, is not a synthetic drug lookalike substance. Ind. Code § 35-31.5-2-321.5(b)(4).

Indiana Code § 35-48-4-11.5 sets out a schedule of criminal offenses ranging from Class B infraction to Level 6 felony, stating "[a] person who possesses a synthetic drug or synthetic drug lookalike substance commits possession of a synthetic drug or synthetic drug lookalike substance, a Class B infraction." A person who "knowingly or intentionally" possesses a synthetic drug or synthetic drug lookalike substance commits a Class A misdemeanor, and if the person has a prior unrelated conviction, the offense is a Level 6 felony. Ind. Code § 35-48-4-11.5.

---

[1] On June 4, 2018, the IDOC Disciplinary Code was updated so that violation of B-202 now constitutes "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Https://www.in.gov/idoc/files/02-04-101%Apppendix%201%206-4-2018.pdf (last viewed November 28, 2018). However, this was not yet in effect at the time of Leathers' hearing on March 30, 2017. Regardless, as I discuss next, Indiana law prohibits both possession of synthetic drugs and lookalike substances, so the result is the same under either version of the Disciplinary Code.

Ultimately, the finding of the DHB was that Leathers was guilty of possessing a lookalike substance. [DE 5-4.] Based on the foregoing, this must mean that he was found guilty of possessing a substance that "looks like" a synthetic drug. All of which raises the question, was there "some evidence" to support such a finding?

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). In deciding if the guilty finding was supported by some evidence, it is not my province to assess the comparative weight of the evidence underlying the disciplinary board's decision; rather "the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). It has even been described as a "meager threshold." *Jones*, 637 F.3d at 849. But, of course, "some" evidence is not the same "no evidence."

In this case, neither the reporting officer nor the DHB specified what the substance in question resembled. And, frustratingly, even though I gave the

Respondent an additional opportunity to address the narrow question of whether the DHB had sufficient evidence to find Leathers guilty, it still did not identify what substance Leathers was charged with possessing, or what lookalike substance they believed he possessed.

It is true that the conduct report itself can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999). So yes, the standard is lax. But the conduct report in this case — the only "evidence" the Respondent relies upon — merely says that Leathers possessed "a brown sweet smelling substance in a solo cup with three pieces of paper believed to be soaked in coffee." [DE 5-1.] No one connects the dots by saying that this "looks like" some kind of synthetic drug. I am left to either guess at that or simply take the Respondent's word for it when it tells me that in his brief. But that isn't evidence. At bottom, there simply isn't any *evidence* in the record to show that what Leathers possessed was a synthetic drug look alike.

Other cases seem to require at least something additional that doesn't exist in this case before finding the offender guilty — things like a suspicious location, or the officer's belief that the substance looked like an illegal drug. *See, e.g., Blakey v. Superintendent*, 4:17-cv-51, 2017 WL 6444415, at *2 (N.D. Ind. Dec. 18, 2017) (finding coffee paper and three ripped pieces of greeting cards - used for rolling and smoking synthetic marijuana, "combined with the suspicious concealment of these items under his pillow and mattress" constitute "some evidence" of guilt of violating B-202); *Jones v. Superintendent*, No. 3:16-cv-129-PPS, 2017 WL 3225181, at *2 (N.D. Ind. July 3, 2017)

(denying habeas petition where the officer recognized the concealed substance as synthetic marijuana and it was concealed inside a pillow case); *Hall v. Superintendent*, No. 3:14-cv-1929 RM, 2015 WL 5081409, at *1 (N.D. Ind. Aug. 27, 2015) (denying petition whether offender possessed "a green, leafy substance that looked like an illegal drug").

In this case, Leathers claimed the substance was broken tea bags and another offender corroborated this. Because the Respondent could not even articulate what lookalike substance it believed the matter was, there is no evidence that the substance found in Leathers' cell was a lookalike substance prohibited by Indiana law. Thus, Leathers is entitled to habeas corpus relief.

Accordingly, the habeas corpus petition [DE 1] is GRANTED. The Respondent is ORDERED to file documentation by February 4, 2019, showing that the guilty finding in MCF-17-03-0187 has been vacated, and that any earned credit time or demotion in credit class that Leathers lost because of this guilty finding is restored. Additionally, the Motion for Court to Order Judgment [DE 18], Motion Requesting a Ruling [DE 19] and Motion to Set a Status Hearing [DE 20] are all DENIED AS MOOT.

SO ORDERED.
ENTERED: November 29, 2018.

                                          /s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT